LEE, J.,
specially concurring.
I concur in the result but disagree with the analysis of the majority because I believe that the majority erroneously states the crucial test for this case to be whether "the purpose, not the result, was invidiously discriminatory.” 31 Or App 797. That is the wrong standard because Washington v. Davis, 426 US 229, 96 S Ct 2040, 48 L Ed 2d 597 (1976), on which the majority relies, is a de facto discrimination case as distinguished from the instant case which is de jure discrimination.
De facto discrimination is unintentional — it results when state action that is nondiscriminatory by its intended application has a discriminatory effect. However, in the instant case the discrimination is de jure because the city acted with the purpose or intent to segregate. See, Washington v. Davis, supra at 240. Cf. Keyes v. School District No. 1, Denver, Colo., 413 US 189, 208, 93 S Ct 2628, 37 L Ed 2d 548 (1973). The Supreme Court has not, as yet, added the requirement that the state act with an "invidiously discriminatory” purpose in a case such as the one at bar.
Nevertheless, I concur in the result in the instant case because the appellant’s punishment was less than that which might have been received under the municipal ordinance.